# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OVERTIME MARKETING SE, LLC and <br> KENNY HANSMIRE | § <br> § <br> § | |
| V. | § <br> § | CASE NO. 4:14-CV-434 <br> Judge Mazzant |
| HIGH PERFORMANCE BEVERAGE <br> f/k/a DETHRONE ROYALTY HOLDINGS, <br> INC. and TOBY MCBRIDE | § <br> § <br> § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. #16). After reviewing the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

On May 1, 2014, Plaintiffs filed their original petition against Defendants in the 416th District Court of Collin County, Texas (Dkt. #3). On June 30, 2014, Defendants removed to this Court (Dkt. #2). On September 23, 2014, Plaintiffs requested leave to file his second amended complaint against Defendants, which was granted by the Court (Dkt. #17; Dkt. #20). Plaintiff alleges causes of action for breach of contract, fraud, and quantum meruit (Dkt. #19).

Plaintiffs contend that Kenny Hansmire ("Hansmire") is the CEO of Overtime Marketing SE, LLC ("Overtime"). In that capacity, Hansmire organized an All-Star football game scheduled for February 2, 2013, at Eagle Stadium in Allen, Texas (Dkt. #19 at 2). Plaintiffs argue that on or about December 5, 2012, Toby McBride ("McBride"), the CEO of Dethrone Royalty Holdings Inc. ("DRHI"), met with Hansmire and the two negotiated the terms for principal sponsorship of the game. *Id*. at 3. As part of those negotiations, DRHI and McBride agreed that as an incentive for Hansmire and Overtime announcing the sponsorship prior to the

1

end of 2012, McBride, out of his individual holdings, would sell Hansmire 3,000,000 shares of DRHI unrestricted common stock for the price of $100.00. *Id*. A letter of intent was signed on January 3, 2013, and a Facilitation Agreement was created memorializing the agreement. *Id*.

Plaintiffs assert that after the announcement of the sponsorship, Hansmire and Overtime demanded the 3,000,000 shares, but DRHI and McBride refused to deliver the shares. *Id*. at 4. Hansmire later learned that all 56,000,000 shares of DRHI stock was pledged as security on a promissory note by McBride and could not be delivered. *Id*.

In addition, Hansmire distributes Child ID Kits through his National Child ID Program, and Plaintiffs contend that they agreed that Plaintiffs would distribute 2,000,000 Child ID Kits with the Dethrone Beverage Company logo on them, as well as containing marketing materials for DRHI. *Id*. at 5. Plaintiffs assert that in exchange, Defendants would provide: (1) National Child ID Program logo on Dethrone beverages; (2) 3,650,000 shares of DRHI stock at 125% of part value ($.001); and (3) revenue sharing of $1.00 per case of Dethrone Beverages shipped, all during the period of 45 days from March 31, June 30, September 30, and December 31. *Id*. Plaintiffs contend that Defendants failed to perform under the contract as agreed to by the parties. *Id*.

On September 9, 2014, Defendants filed their Motion to Dismiss (Dkt. #16). On September 22, 2014, Plaintiffs filed their response (Dkt. #18). On October 3, 2014, Defendants filed their reply (Dkt. #23).

**LEGAL STANDARD**

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*A. Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Defendants move to dismiss based on Federal Rules of Civil Procedure 12(b)(1). The Court has subject matter jurisdiction over those cases arising under federal law. U.S. Const. Art. III § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that Plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

*B. Motion to Dismiss for Failure to State a Claim*

Defendants also move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## ANALYSIS

Defendants first contend that this Court lacks subject matter jurisdiction over the Plaintiffs' claim for breach of contract of the National Child ID Kits contract. Specifically, Defendants contend that the contract can be severed into two separate contracts, and Plaintiffs lack standing to bring a claim for breach of contract for the ID Kits joint venture, since they were not the entity involved in that transaction.

5

In order to have standing under Article III, a plaintiff must first have suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (internal quotations and citations omitted). Second, there must be a causal connection between the injury and the conduct, thus the "injury has to be fairly traceable to the challenged action of the defendant, and not… the result of the independent action of some third party not before the court." *Id*. (internal quotations and citations omitted). Third, it must be likely that the injury will be redressed by a favorable decision. *Id*. The party invoking the jurisdiction of the Court bears the burden of establishing these elements.

"In deciding questions of law, including standing, involving claims based on state law, applicable state law governs." *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 965 (S.D. Tex. 2013) (citing *Crocker v. Fed. Deposit Ins. Corp.*, 826 F.2d 347, 349 (5th Cir. 1987), *cert. denied*, 485 U.S. 905 (1988)). Under Texas law, "the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012). "Because the Texas test for standing parallels the federal test for Article III standing, Texas courts 'turn for guidance to precedent from the U.S. Supreme Court, which has elaborated on standing's three elements.'" *PEMEX*, 923 F. Supp. 2d at 965 (citing *Heckman*, 369 S.W.3d at 154). "The standing inquiry 'requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.'" *Id*. (citing *Heckman*, 369 S.W.3d at 156).

Defendants assert that Plaintiffs have argued a claim for breach of essentially three separate contracts: (1) the sponsorship agreement; (2) the National Child ID Kits agreement; and the Facilitation Agreement. Defendants contend that the National Child ID Kits agreement was entered into between Overtime Marketing, LLC and DRHI. Defendants argue that Overtime Marketing, LLC is a separate entity than Plaintiff Overtime Marketing SE, LLC., and that the agreements entered into were separate as to the two entities.

Plaintiffs do not dispute that Overtime Marketing, LLC and Overtime Marketing SE, LLC are wholly distinct legal entities.[1] Plaintiffs also do not dispute that the contract at issue provides a separate recovery for Overtime Marketing, LLC as a result of the National Child ID Kits agreement. However, Plaintiffs claim that Hansmire, as Overtime Marketing, LLC's president and owner, has standing to bring claims on behalf of Overtime Marketing, LLC.

Hansmire is not the same legal entity as Overtime Marketing, LLC. *See Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at *2 (Tex. App. – San Antonio, Apr. 30, 2014, pet dism'd) ("A limited liability company is considered a separate legal entity from its members."). Further, an officer or shareholder of a company, even the sole shareholder, does not have standing to sue personally for injuries owing to the company. *Id.* ("A member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company."); *see also Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 564-65 (5th Cir. 1990). Accordingly, Hansmire does not have standing to assert claims on behalf of Overtime Marketing, LLC. The letter of intent is careful to distinguish the separate obligations owed to the two separate entities, Overtime Marketing, LLC and Overtime Marketing SE, LLC.

---

[1] Although Hansmire states in his affidavit that "Overtime Marketing, LLC was absorbed by [Hansmire] and [Overtime Marketing SE, LLC]," this allegation is not sufficient to show that the entities are not separate entities (Dkt. #18, Ex. A). As demonstrated by Defendants' evidence, Overtime Marketing is still in existence and is in good standing with the State of Texas (*See* Dkt. #16 at Ex. 2). Further, there is no evidence of a merger or acquisition, and there is simply no evidence to indicate that these two separate entities are now one.

Overtime Marketing SE, LLC cannot assert a breach of contract claim on behalf of Overtime Marketing, LLC. It is clear that Overtime Marketing, LLC has standing to bring an action on behalf of itself, and has not done so here. *See Mossler v. Nouri*, No. 03-08-00476-CV, 2010 WL 2133940, at *7 (Tex. App. – Austin, May 27, 2010, no pet.) ("Unless and until the corporation is dissolved, which did not happen here, legal title to its causes of action remains in the corporation."). Thus, the Court agrees that Plaintiffs in this action have no standing to assert a breach of contract claim for the portion of the contract in which Overtime Marketing, LLC and DHRI made an agreement regarding the National Child ID Kits, and this claim should be dismissed without prejudice.

Defendants next move to dismiss Plaintiffs' claims for breach of contract regarding the Facilitation Agreement and fraud under Federal Rule of Civil Procedure 12(b)(6). After reviewing the second amended complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiffs have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

Based on the foregoing, the Court finds Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. #16) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claim for breach of contract regarding the National Child ID Kits is hereby dismissed without prejudice for lack of subject matter jurisdiction.

**SIGNED this 2nd day of February, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE